UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brad Vamplew,  Civil No. 12-CV-

      Plaintiff,

Board of Governors of Wayne State University,
d/b/a Wayne State University, a public university, and
Dr. Barbara K. Redman, Dean of the Wayne State
University College of Nursing, and Mary Zugcic,
an individual, and Katherine Zimnicki, an individual,

      Defendants.
_____/
Anthony Della Pelle P71551
Attorney for Plaintiff
21411 Civic Center Drive, Suite 201
Southfield, MI 48076
(586) 944-8735
_____/

## *COMPLAINT AND JURY DEMAND*

1. This is an action under the Americans with Disabilities Act, 42 USC §12101 *et seq.*, the Rehabilitation Act, 29 USC §794 *et seq.*, and the Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.* ("PWDCRA") for discrimination on the basis of disability and for retaliation; under 42 USC §1983 for deprivation of Plaintiff's rights under the Fourteenth Amendments to the United States Constitution, for deprivation of Plaintiff's rights to due process and equal protection under the Michigan Constitution, for breach of contract, tortious interference with contract and intentional infliction of emotional distress based on Michigan common law.

2. Plaintiff is an adult resident of Michigan residing within the Eastern District.

3. Defendant Board of Governors of Wayne State University (hereafter "Wayne

State") is a constitutional body corporate operating within Wayne County Michigan and within the Eastern District of Michigan.

4. Defendant Dr. Barbara K. Redman is Dean of the Wayne State University College of Nursing and is sued in her individual capacity.

5. Defendants Mary Zugcic and Katherine Zimnicki are instructors at the Wayne State University College of Nursing and are sued in their individual capacities.

6. The events giving rise to this cause of action occurred in Wayne County Michigan which is within the Eastern District of Michigan.

7. This Court has jurisdiction pursuant to 29 U.S.C. §1441 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction of state law claims).

## FACTS

8. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

9. The plaintiff completed pre-nursing studies at Henry Ford Community College in May of 2010 with a grade point average of 3.73.

10. Plaintiff was accepted into and began the nursing program at Wayne State University in August of 2010 and continued in that program until he was wrongfully removed in April 2012.

11. At the time of his removal from the nursing program the plaintiff's grade point average was 3.94.

12. The plaintiff was formally diagnosed with *Attention Deficit Hyperactivity Disorder, Combined Type* by defendant Wayne State University in July 2011.

13. School records for plaintiff from his early education support the 2011 diagnosis and

a finding that the plaintiff has suffered from this disability throughout his life.

14. Plaintiff was granted the following disability accommodations as a result of his disability: 1) Extended test taking time (200%), 2) Examinations in a distraction-free environment, 3) Use of digital voice recorder in classroom, 4) Copies of overheads, 5) Volunteer note-taker.

15. Beginning in January 2012 the plaintiff began Clinical 3020 class with defendant Zugcic.

16. Initially defendant Zugcic granted the accommodations per the direction of WSU Student Disability Services by giving him copies of all overheads, including copies of color slides for the first five to six weeks.

17. The plaintiff scored 100% on the first examination and thereafter defendant Zugcic began first to only post slides online and then to omit certain additional slides altogether and told plaintiff that he did not need or deserve copies of the additional slides.

18. Defendant Zugcic told the plaintiff that he should be able to take notes and when plaintiff asked where in the textbook he could obtain a slide used in the class and not posted online, defendant Zugcic responded by telling him that she made the slide "from multiple books" and never provided the slide as required.

19. Defendant Zugcic frequently referred to the plaintiff, both in public and private, as "special" and she told him on March 22, 2012 that she and defendant Zimnicki had met regarding the plaintiff and that they agreed that plaintiff needed instant gratification, that he was impulsive and that he felt that it was all about what plaintiff needed.

20. Plaintiff asked defendant Zugcic how he could improve and defendant Zugcic told plaintiff on March 22, 2012 that he had a smile on his face all the time that was inappropriate, that when he smiled she believed that plaintiff thought that she was an idiot and "[you think] you have to walk me through everything."

21. Defendant Zugcic also demanded that plaintiff turn in certain assignments at the end of the clinical day but permitted other students to email them later in the day from home.

22. Defendant Zugcic told plaintiff on March 22, 2012 that he frequently gave the impression that he did not pay attention.

23. Defendant Zugcic told plaintiff on March 22, 2012 that she and defendant Zimnicki had spoken about the plaintiff and they agreed regarding the foregoing.

24. The plaintiff complained first to defendant Zugcic that she was denying him accommodations as required and later complained to the Student Disability Liaison and eventually to a Dean of the College of Nursing.

25. After complaining of the lack of accommodation the plaintiff was wrongfully removed from the nursing program after defendants Zugcic and Zimnicki alleged that he engaged in an unsafe practice in a clinical setting from an event that occurred on April 5, 2012.

26. The alleged unsafe practice was the following**:**

a)      A patient that plaintiff was following at the Rehabilitation Institute of Michigan, who was scheduled to be discharged within hours, signed himself off of his floor, which he had done previously, took an elevator to a lower floor and entered and excited a demonstration automobile, went to the lobby and then returned to his floor without

incident.

b) The plaintiff first checked to see if the patient had previously been permitted to sign himself out from the floor and confirmed that he had previously signed out from the floor.

c) The plaintiff told the patient that he should probably ask the nurse or wait until someone else could accompany him and the patient told the plaintiff not to touch him.

d) Later that same day the patient's physical therapist, Katie Sweenie, informed the patient that she wanted to take him down to the demonstration automobiles and the patient informed the physical therapist that he had already been there with the student earlier in the day.

27. Prior to the events recounted above the patient, in the presence of his treating physician, stood up independently, hugged the doctors, hugged the plaintiff and limped around his room without objection from any doctor.

28. Prior to the events recounted above the patient was alert as to person, place, time and event.

29. On April 12, 2012 the physical therapist informed defendant Zugcic that she did not believe that the student should have permitted the patient to leave the floor and enter the demonstration vehicle.

30. On April 12, 2012 defendant informed plaintiff that his action was unsafe, that he was to leave the unit, that he was banned from the DMC Campus, and that he was to write an incident report.

31. A meeting occurred on April 17, 2012 where plaintiff was informed that he was being permanently excluded from the nursing program and not simply that he had

failed the course.

32. Defendants Zugcic and Zimnicki were both present and participated in that meeting.

33. At the April 17, 2012 meeting plaintiff was informed that Defendant Zugcic made the decision to permanently excluded him from the nursing program for unsafe practice *solely* due to the events on April 5, 2012 at the Rehabilitation Institute of Michigan and recounted above.

34. The plaintiff was never given a warning regarding the alleged unsafe practice, nor was an Action Plan prepared to address any problem, as required by the policies and procedures in place to address these issues and to which other similarly situated students were granted warnings and or an action plan to address any alleged deficiencies.

35. The plaintiff later learned that the result of the "unsafe practice" he effectively could never be admitted to any credible nursing program in the State of Michigan or elsewhere in the United States.

36. The plaintiff later was wrongly and outrageously banned from Wayne State's College of Nursing and the Provost's Office when he demanded that his appeal be processed in an efficient and competent manner.

### COUNT I - DISCRIMINATION – AMERICANS WITH DISABILITIES ACT

37. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

38. For purposes of the Americans with Disabilities Act, 42 USC §12101 et seq. ("ADA"), Plaintiff is an individual with a disability because he has one or more impairments which substantially limit him in one or more major life activities

and/or because Defendants regarded him as having physical or mental impairments that substantially limited one or more life activities.

39. Defendant Wayne State University is a state or local government for purposes of Title II of the ADA and/or a place of public accommodation for purposes of Title III of the ADA.

40. Defendant Wayne State discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of Defendant Wayne State.

41. This discrimination includes but is not limited to a failure to provide reasonable modifications, conducting disciplinary proceedings in a manner which violated Defendant Wayne State University's procedures and policies, denying Plaintiff his due process rights under Defendant Wayne State University's procedures and policies.

42. Defendant Wayne State's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

43. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his ability to become a registered nurse, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT II - DISCRIMINATION - REHABILITATION ACT

44. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

45. Defendant Wayne State University receives federal financial assistance.

46. For purposes of Section 504 of the Rehabilitation Act of 1973, 29 USC §794, Plaintiff is an individual with a disability because he has one or more impairments which substantially limit him in one or more major life activities and/or because Defendants regarded him as having physical or mental impairments that substantially limited one or more life activities.

47. Plaintiff was and is otherwise qualified to participate in and enjoy the benefits of the programs of Defendant Wayne State University, including education; as such term is defined for purposes of the Rehabilitation Act.

48. Defendant Wayne State University has discriminated and continues to discriminate against Plaintiff solely by reason of disability.

49. This discrimination includes but is not limited to a failure to provide reasonable modifications, conducting disciplinary proceedings in a manner which violated Defendant Wayne State University's procedures and policies, denying Plaintiff his due process rights under Defendant Wayne State University's procedures and policies.

50. Defendant Wayne State University's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

51. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT III - DISCRIMINATION – PWDCRA

52. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein. For purposes of Michigan's Person With Disabilities Civil Rights Act, MCLA 37.1101 et seq. ("PWDCRA"), Plaintiff is an individual with a disability because he has one or more impairments which substantially limit him in one or more major life activities and/or because Defendants regarded him as having physical or mental impairments that substantially limited one or more life activities.

53. Defendant Wayne State University is a place of public accommodation and/or an educational institution for purposes of the PWDCRA and each of the individual defendants is an agent of Defendant Wayne State University.

54. Defendants discriminated against Plaintiff because of disability in education and with respect to the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of Defendant Wayne State University.

55. Defendants discriminated and/or continue to discriminate against Plaintiff on the basis of disability.

56. This discrimination includes but is not limited to a failure to provide reasonable accommodations, conducting disciplinary proceedings in a manner which violated Defendant Wayne State University's procedures and policies, denying Plaintiff his due process rights under Defendant Wayne State University's procedures and policies.

57. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

58. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT IV - RETALIATION - AMERICANS WITH DISABILITIES ACT

59. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

60. Defendant retaliated against Plaintiff for having sought evaluation of and accommodation for his disability and for contesting subsequent dismissal from the nursing School and otherwise exercising his rights and complaining about Defendants' discriminatory practices described above, in violation of the ADA.

61. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

62. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT V - RETALIATION - REHABILITATION ACT

63. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

64. Defendant retaliated against Plaintiff for having sought evaluation of and

accommodation for his disabilities and for contesting subsequent dismissal from the Nursing School and otherwise exercising his rights and complaining about Defendants' discriminatory practices described above, in violation of the Rehabilitation Act.

65. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

66. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT VI - RETALIATION - PWDCRA

67. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

68. Defendant retaliated against Plaintiff for requesting evaluation of and accommodation for his disability and for contesting subsequent dismissal from the Nursing School and otherwise exercising his rights and complaining about Defendants' discriminatory practices described above, in violation of the PWDCRA.

69. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school

education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT VII - 42 USC § 1983 - FOURTEENTH AMENDMENT - DUE PROCESS

70. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

71. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest in continuing his nursing school education.

72. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest in continuing his nursing school education.

73. Plaintiff's reputation and his opportunity to pursue future employment constitute a constitutionally protected liberty interest.

74. Defendants' dismissal of Plaintiff from Defendant Wayne State University's School of Nursing was arbitrary and capricious and motivated by bad faith.

75. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following his dismissal from Defendant Wayne State University's School of Nursing.

76. Defendants made false charges and accusations against Plaintiff which stigmatized him and severely damaged his opportunities for future education and employment.

77. Plaintiff was denied a meaningful opportunity to clear his name.

78. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing his public university education, and his liberty interest in his reputation and opportunity to pursue future

employment, Defendants' actions abridge his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

79. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

80. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

81. The acts of Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University as described above represent official policy of Defendant Wayne State University and are attributable to Defendant Wayne State University.

82. At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

83. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT VIII - 42 USC § 1983 - FOURTEENTH AMENDMENT - EQUAL PROTECTION

84. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

85. Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment.

86. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment to United States Constitution.

87. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

88. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

89. The acts of Defendants Zugcic and Zimnicki and other agents, representatives and employee of Defendant Wayne State University described above represent official policy of Defendant Wayne State University and are attributable to Defendant Wayne State University.

90. At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

91. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and

damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT IX - MICHIGAN CONSTITUTION - DUE PROCESS

92. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

93. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest, under the Michigan Constitution, in continuing his nursing school education.

94. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest, under the Michigan Constitution, in continuing his nursing school education.

95. Plaintiff's reputation and his opportunity to pursue future education and employment constitute a constitutionally protected liberty interest under the Michigan Constitution.

96. Defendants' dismissal of Plaintiff from Defendant Wayne State University's School of Nursing was arbitrary and capricious and motivated by bad faith.

97. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following his dismissal from Defendant Wayne State University's School of Nursing.

98. Defendants made false charges and accusations against Plaintiff which stigmatized him and severely damaged his opportunities for future employment.

99. Plaintiff was denied a meaningful opportunity to clear his name.

100. In depriving Plaintiff of his constitutionally protected rights, including his fundamental right to and property interest in continuing his public university education, and his liberty interest in his reputation and opportunity to pursue future employment, Defendants' actions abridge his right to due process of law in violation of the Michigan Constitution.

101. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

102. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

103. The acts of Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University as described above represent official policy of Defendant Wayne State University and are attributable to Defendant Wayne State University.

104. At all times material hereto, Plaintiff had a clearly established right to due process of law under the Michigan Constitution of which a reasonable public official would have known.

105. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages,  including but not limited to, monetary damages, loss of her nursing

school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### COUNT X - MICHIGAN CONSTITUTION - EQUAL PROTECTION

106. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

107. Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Michigan Constitution.

108. Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment.

109. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Michigan Constitution.

110. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

111. Defendants Zugcic and Zimnicki and other agents, representatives, and employees of Defendant Wayne State University acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

112. The acts of Defendants Zugcic and Zimnicki and other agents, representatives and employee of Defendant Wayne State University described above represent official policy of Defendant Wayne State University and are attributable to

Defendant Wayne State University.

113. At all times material hereto, Plaintiff had a clearly established right to fair and equal treatment under the law of which a reasonable public official would have known.

114. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT XI - BREACH OF CONTRACT OR IMPLIED CONTRACT

115. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

116. Plaintiff had a contract or implied contract with Defendant Wayne State University, including, without limitation, the express agreements made following his disability diagnosis in 2011.

117. Defendants' failure and refusal to abide by the terms of that contract or implied contract constituted a breach of said contract.

118. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT XII INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

119. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

120. Defendants' conduct as described above was intentional.

121. Defendants' conduct as described above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

122. Defendants' conduct resulted in severe and serious emotional distress.

123. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of his nursing school education and degree, time and resources, loss of career opportunities and learning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

## COUNT XIII TORTIOUS INTERFERENCE WITH A CONTRACT OR ADVANTAGEOUS BUSINESS RELATIONSHIP OR EXPECTANCY (As to individual defendants only)

124. Plaintiff reincorporates and realleges each and every paragraph in this complaint within this section with the same force and effect as if set forth in full herein.

125. Plaintiff had a contract or advantageous business relationship or expectancy with defendant Wayne State University.

126. Defendants Mary Zugcic were aware of the plaintiff's contract or advantageous business relationship or expectancy with defendant Wayne State University.

127. Defendants Mary Zugcic and Katherine Zimnicki, for personal reasons and personal benefit, intentionally, improperly and without justification interfered with plaintiff's contract or advantageous business relationship or expectancy with

defendant Wayne State University.

128. Defendants Mary Zugcic acted with malice in interfering with plaintiff's contract or advantageous business relationship or expectancy with defendant Wayne State University.

## RELIEF REQUESTED

Plaintiff requests judgment against the defendants in their individual and official capacities, jointly and severally, in an amount he is found to be entitled for compensatory, exemplary and punitive damages.  The plaintiff also requests an order enjoining the defendants from ever alleging that he engaged in conduct that warranted being permanently banned from the nursing program at Wayne State University.  The plaintiff also requests costs and reasonable attorney fees.  The plaintiff further requests such other and further relief, whether legal or equitable, which he is found to be entitled at the time of trial.

## JURY DEMAND

The plaintiff requests a trial by jury for all issues properly triable by a jury.

Respectfully submitted,

/s/Anthony Della Pelle, (P71551)
Anthony Della Pelle, (P71551)
adellapelle@gmail.com
21411 Civic Center Drive, Suite 201
Southfield, MI 48076
586-944-8735