UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD VAMPLEW,

    Plaintiff,

vs.                                                                                                  Case No. 12-14561

WAYNE STATE UNIVERSITY BOARD                                      HON. AVERN COHN
OF GOVERNORS, et al.,

    Defendants.
_____/

## ORDER REGARDING MOTION TO QUASH SUBPOENA (Doc. 16)

I.

This is essentially a discrimination case. Plaintiff Brad Vamplew (Vamplew) is suing defendants the Wayne State University Board of Governors (Wayne State) and several faculty members of the Wayne State University College of Nursing. Vamplew says he was wrongfully removed from the nursing program at Wayne State. Vamplew was removed after he engaged in an allegedly "unsafe practice" in a clinical setting. He says this was done without prior warnings and in violation of written policies. During his time in the program, Vamplew was diagnosed with attention deficit hyperactivity disorder and was given accommodations. The complaint makes several claims, including discrimination and retaliation under the ADA and state law, § 1983 due process and equal protection, and tort claims.

Before the Court is a Motion for a Protective Order and Objection and Motion to Quash Subpoena filed by non-party Grand Valley State University (GVSU). For the

reasons that follow, GVSU shall submit the answer to Vamplew's subpoena for *in camera* review. The Court will then determine whether Vamplew is entitled to the information under the terms of the protective order in place in this case.

II.

On October 20, 2012, Vamplew issued three subpoenas to produce documents or information to non-party GVSU Kirkhof College of Nursing. The subpoenas sought answers, or documents revealing such answers, to three questions. GVSU responded to the subpoenas with the information sought. The information sought in the subpoenas, along with GVSU's answers are as follows:

> 1. How many students did GVSU exclude or dismiss from its nursing program due to unsafe practice or unsafe behavior in each year from 2005 to 2012?
>
> Response: One
>
> 2. How many students did GVSU exclude or dismiss from its nursing program due to unsafe practice or unsafe behavior in each year from 2005 to 2012 without previously receiving any type of individual reprimand or warning regarding unsafe practice or unsafe behavior?
>
> Response: None
>
> 3. How many nursing students did GVSU admit to the nursing program that had been previously excluded or dismissed from another school's nursing program due to unsafe practice or unsafe behavior in each year from 2005 to 2012?
>
> Response: None

In response to GVSU's answers, Vamplew submitted another subpoena—the subpoena at issue—that requests the following information:

> **Regarding the one student who was excluded or dismissed from the nursing program between 2005 and 2012 for reasons related to unsafe nursing practice produce the following: A description or documents**

**containing the description of the unsafe nursing practice.**

According to Vamplew, he has sought similar information from three other nursing programs at Michigan universities: Eastern Michigan University (EMU); Northern Michigan University (NMU); and the University of Michigan (UM).

III.

A subpoena issued under Rule 45 is "subject to the general relevancy standard applicable to discovery under [Rule 26(b)(1)]." Syposs v. U.S.A., 181 F.R.D. 224, 226 (W.D.N.Y. 1998). Rule 26 (b)(1) provides that a party may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Under the Federal of Rules of Civil Procedure, the scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). With respect to non-parties, under Fed. R. Civ. P. 45(a), a party may serve a subpoena on a non-party, i.e. GVSU, commanding that party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises" at a specified time and place. See Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection.").

Upon a timely motion, the Court must quash a subpoena that: "(i) fails to allow a reasonable time to comply; ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies ... or (iv) subjects a person to undue burden." Fed. R. Civ .P. 45(c)(3)(A) (emphasis added). And, the Court may quash or modify a subpoena that requires "disclosing trade secret or other confidential research,

3

development, or commercial information." Id. at 45(c)(3)(B) (I) (emphasis added).  The party seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted.  See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

IV.

As an initial matter, not clear from Vamplew's papers is whether the three other universities (EMU, NMU, and UM) have objected to any subpoena, including a request for a description of the unsafe practice.  Also not clear is whether Vamplew has received that information from the other universities.  At the hearing on GVSU's motion, it appeared that Vamplew obtained information from Northern Michigan University regarding unsafe practices.

Although the Court indicated at the hearing that the subpoena should be quashed, upon reflection, the better course is to review GVSU's response in camera.  GVSU shall within ten (10) days submit its response to the Court.  The Court will then determine whether Vamplew is entitled to the information.

Vamplew shall also advise the Court within five (5) days as to the status of the subpoenas issued to the other three universities, including whether they have responded to the question at issue here.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  May 13, 2013

12-14561 Vamplew v. Wayne State University Board of Governors et al

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 13, 2013, by electronic and/or ordinary mail.

                                              S/Sakne Chami
                                              Case Manager, (313) 234-5160