UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRAD VAMPLEW,

     Plaintiff,

vs.                                                                   Case No. 12-14561

WAYNE STATE UNIVERSITY BOARD                    HON. AVERN COHN
OF GOVERNORS, et al.,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 39)

I.

This is essentially a discrimination case.  Plaintiff Brad Vamplew (Vamplew) is suing defendants the Wayne State University Board of Governors (Wayne State) and several faculty members of the Wayne State University College of Nursing.  Vamplew was removed from the nursing program at Wayne State after he engaged in an allegedly "unsafe practice" in a clinical setting.  The incident took place on April 5, 2012 and involved a patient at the Rehabilitation Institute of Michigan (RIM), which is part of the Detroit Medical Center.  Vamplew alleges that a RIM employee reported the unsafe practice to an instructor at Wayne State's Nursing program.  Vamplew further alleges that his removal was done without prior warnings and in violation of written policies. Vamplew was diagnosed with attention deficit hyperactivity disorder and given accommodations during his time in the program.  The case is in the discovery phase.

Non-party Detroit Medical Center (DMC) filed a motion to quash subpoenas,

seeking to quash three subpoenas.  The first subpoena was issued on May 2, 2013 (the May 2 subpoena).  It asked for medical records of the patient involved in the unsafe practice from March 12, 2013 to March 23, 2013.  The second subpoena was issued on May 9, 2013 (the May 9 subpoena).  It asked for medical records from four patients for dates in January and February of 2012.  The third subpoena was issued on May 17, 2013 (the May 17 subpoena).  It asked for documents outlined in 11 paragraph requests.  DMC argued that the subpoenas requested information that violated privacy laws, was irrelevant or could be obtained from Wayne State.  The Court granted the motion.

Before the Court is Vamplew's motion for reconsideration.  Vamplew seeks reconsideration on two items: (1) the May 9 subpoena and (2) paragraph 11 of the May 17 subpoena as it relates to the meaning of codes.  DMC, at the Court's request, filed a response.  For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration.  It  provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Restating arguments does not establish a defect or that the Court was misled.  See Intercontinental Electronics, S.p.A. v. Roosen, 210 F. App'x 491, **3 (6th Cir. 2006).

2

III.

As an initial matter, DMC has provided a "Summary of Codes" for the patient at issue.  Thus, this portion of Vamplew's motion is MOOT.

Regarding, the May 9 subpoena seeking charting information for four patients, the Court quashed the subpoena on the ground that "[b]ased on DMC's representation, there is no need to enforce the subpoena.  The records sought simply do not contain the information Vamplew had hoped to find in order to test the credibility of the instructor."  Vamplew now says that DMC's representation is factually incorrect.  He also says that he has some charting information from his instructor and needs the DMC records to verify if the charting was timely.

As DMC notes, whether or not Vamplew's alleged untimely charting was a basis for his removal under the auspices of lack of "organization and prioritization" is not clear as the instructor at issue has not yet been deposed.  Until such time as an allegation of untimely charting, which does not appear in the complaint, is at issue, Vamplew's request is premature at best.  If untimely charting is in fact a basis for his removal, then Vamplew may renew his request, keeping in mind to frame the request so as not to intrude on the non-party patients' privacy rights.

SO ORDERED.

        S/Avern Cohn
UNITED STATES DISTRICT JUDGE


Dated:  July 9, 2013

3

12-14561 Brad Vamplew v.
Wayne State University Board of Governors

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 9, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160

4