UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD VAMPLEW,

    Plaintiff,

vs.                                                         Case No. 12-14561

WAYNE STATE UNIVERSITY BOARD              HON. AVERN COHN
OF GOVERNORS, et al.,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 55)

### I. Introduction

This is essentially a discrimination case. Plaintiff Brad Vamplew is suing the Wayne State University Board of Governors and several faculty members of the Wayne State University College of Nursing (collectively, Wayne State). Plaintiff was removed from the nursing program at Wayne State after he allegedly engaged in an "unsafe practice" in a clinical setting. Specifically, plaintiff was given a failing grade in the clinical portion of course NUR 3020. Plaintiff alleges that his removal was done without prior warnings and in violation of written policies. The complaint makes several claims, including discrimination and retaliation under the Americans with Disabilities Act and state law, § 1983 due process and equal protection, and tort claims.

Before the Court is plaintiff's motion to compel against Wayne State. Plaintiff seeks documents, depositions, and responses to discovery requests. Following the filing of the motion papers, the parties submitted a statement of resolved and unresolved issues (Doc. 60). This order addresses only the unresolved issues set forth in the statement.

For the reasons that follow, plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

## II.  Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." Martin v. Select Portfolio Serving Holding Corp., No. 1:05–cv–273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 154, 159 (D.D.C. 1999)).  Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir.1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." Mellon v. Cooper–Jarrett, Inc., 424 F.2d 499, 500–01 (6th Cir.1970).

Finally, a party moving to compel discovery must certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

## III.  Discovery Requests

### A.  E-Mails from Associate General Counsel Linda Galante

Linda Galante is an attorney in Wayne State University's Office of the General

2

Counsel, and serves as an Associate General Counsel for the University. Plaintiff seeks emails from Galante on the grounds she was an alleged decision maker in plaintiff's appeal to the Provost. As a basis for his request, plaintiff relies on a May 4, 2012 email produced during discovery from Dr. Howard Shapiro, the Provost's Designee in plaintiff's appeal, to Galante. In that email, Shapiro states "You guys are the experts here. I'll endorse whatever you decide to do." Plaintiff says that this statement implies that Shapiro essentially abdicated his role in plaintiff's appeal to the Provost to Galante. Thus, plaintiff says Galante not acting just as legal counsel.

  Plaintiff is mistaken as to the context of Shapiro's email. The email references an incident on May 4, 2012. Plaintiff appeared in person at the Provost's office with some additional documents. He gave those documents to Amy Cooper, the Administrative Assistant. Cooper (who has been deposed) reported that while in the Provost's Office, plaintiff said that he had been to the doctor and was on medication for stress and panic attacks, that he "is about to snap" and also stated "If I have to come back you will not be happy." Cooper reported plaintiff's statements to David Strauss, Dean of Students, and at that time the Chair of the S.U.I.T. Committee. Dean Strauss testified at deposition that as soon as he received the e-mail from Cooper reporting plaintiff's conduct "I called the office of the General Counsel to seek advice and to speak with them about an action that I would like to take and to seek their advice." Thus, the "decision" to which Shapiro refers is the decision regarding what action, if any, to take regarding the perceived threat made in the Provost's Office. Such advice is protected by the attorney client privilege. Ultimately, Dean Strauss sent plaintiff a "cease and desist" letter instructing that plaintiff have no further contact with the Provost's Office or the College of Nursing.

Other than plaintiff's speculation, there is nothing to indicate that either Galante or Dean Strauss had any role in the Provost's decision on plaintiff's appeal. Under these circumstances, plaintiff is not permitted to discover emails from Galante. This request is denied.

### B.  Deposition of Dr. Jean Davis

Plaintiff seeks to depose Dr. Jean Davis, who is one of two individuals within the College of Nursing who reviewed and considered plaintiff's appeal. Plaintiff has deposed the other individual. Wayne State says plaintiff knew of Dr. Davis's role long ago and chose not to depose her. Wayne State also notes that the parties have already agreed to allow plaintiff to take in excess of the 10 depositions permitted under the rules and argues plaintiff should not be permitted another deposition.

While the Court appreciates Wayne States's position, the better course is to allow plaintiff to depose Dr. Davis. The deposition shall be no more than 1 (one) hour.

### C.  Requests For Document 13

This request seeks the clinical evaluation forms for every student in a different class, NUR 3010, the semester prior to when plaintiff failed NUR 3020, and the clinical evaluation forms for every student in NUR 3020 in the semester in which plaintiff failed.

With regard to the evaluation of students from NUR 3010, Wayne State says they are wholly irrelevant. The Court agrees. Plaintiff did not fail NUR 3010. That class was from the semester prior to plaintiff failing, and Mary Zugcic – who was the course coordinator of NUR 3020 and made the decision to fail plaintiff in that class – was not the clinical coordinator of NUR 3010 the prior semester. How students other than plaintiff performed in a different class taught by a different instructor the prior semester – a class

which plaintiff himself passed – is irrelevant.

As to the evaluations for every other student in the class in which he did fail, NUR 3020, Wayne States says they are irrelevant and may contain information protected by the Family Educational Rights and Privacy Act (FERPA). Plaintiff says that any confidential information can be redacted to alleviate any concerns and that he needs the records to see if in fact any other student engaged in a similar practice and was treated differently. The Court agrees with plaintiff. The records shall be produced, redacted of any confidential information.

### D. E-Mails By And Between Defendants After May 9, 2012 That Reference Plaintiff

Plaintiff requests all e-mails by and between the defendants that referenced plaintiff after May 9, 2012. This is after plaintiff failed NUR 3020 and his appeals had been exhausted, and after plaintiff had already commenced this litigation.

Wayne State says that the emails are not relevant. The Court agrees. Plaintiff's request is denied.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: January 24, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 24, 2014, by electronic and/or ordinary mail.

        s/Carol Bethel for Sakne Chami
        Case Manager, (313) 234-5160