UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD VAMPLEW,

    Plaintiff,

vs.                                                                                              Case No. 12-14561

WAYNE STATE UNIVERSITY BOARD                                        HON. AVERN COHN
OF GOVERNORS, DAVID J. STRAUSS,
Dean of Students, individually and in his
official capacity, BARBARA K. REDMAN,
Dean of Wayne State College of Nursing,
individually and in her official capacity,
CYNTHIA REDWINE, Assistant Dean of
Student Affairs, individually and in her
official capacity, FELICIA GRACE, Academic
Services Officer IV, individually and in her
official capacity, MARY ZUGCIC, individually
and in her official capacity, and KATHERINE
ZIMNICKI, individually and in her official capacity,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 85)

### I. Introduction

This is a case challenging an academic dismissal. Brad Vamplew (Vamplew) sued the Wayne State University Board of Governors and several faculty members of the Wayne State University College of Nursing. His instructor Mary Zugcic concluded that Vamplew engaged in an "unsafe practice" during a clinical rotation in the course NUR 3020. As a result, Vamplew failed the course and under the College of Nursing's policy, a failure for an unsafe practice results in exclusion from the nursing program.

Vamplew appealed the decision within the College of Nursing and the Provost's office; his appeals were denied. Vamplew then filed this action in federal court challenging his termination from the program. The amended complaint asserted thirteen claims. Following discovery, Vamplew agreed to dismiss all claims except disability retaliation under state and federal law against WSU and violation of due process and equal protection under state and federal law against all defendants.

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or for summary judgment under Fed. R. Civ. P. 56. The Court granted the motion on the grounds that some of Vamplew's claims failed to state a plausible claim and other claims failed because there is no genuine issue of material fact to allow his claims to proceed. (Doc. 81).

Before the Court is Vamplew's motion for reconsideration as to the dismissal of his disability discrimination claims only. (Doc. 85). Defendants, at the Court's direction, filed a response. (Doc. 86). Vamplew filed a reply. (Doc. 87). The matter is now ready for decision, for the reasons that follow, the motion is DENIED.

II.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. See E.D. Mich. LR 7.1(h)(3). A

palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

### III.

Vamplew has not satisfied this standard. First of all, it is unclear what Vamplew asserts is the palpable error by which the Court and the parties were misled. Vamplew says that the Court found that Zugcic's decision to fail Vamplew was made "for academic reasons and was the result of careful consideration." (Vamplew's Motion, p. 6, citing to the Court's Opinion (Doc. 81) at p. 33). He contends that the Court could only have come to that conclusion by impermissibly making a finding of fact that Zugcic "did not make knowingly false statements to the university to support the plaintiff's exclusion." (Vamplew's Motion, at p. 6). In making this argument, Vamplew misleadingly quotes from the Court's decision and conflates language from different portions of its Opinion relating to other claims for which he is not seeking reconsideration. The quote upon which Vamplew relies is from Section E of the Court's decision, which does not relates to his retaliation claim but rather to his due process claim.

The Court's full statement is as follows:

> As explained above, any inaccuracies do not amount to a denial of due process. Zugcic's decision was made for academic reasons and was the result of careful consideration.

(Doc. 81 at p. 33)

Vamplew seeks reconsideration only as to the grant of summary judgment of the disability retaliation claims. Thus, the Court's discussion and conclusion regarding his due process claims is not a basis upon which to reconsider its dismissal of his

3

retaliation claims.

Moreover, the Court considered and discussed Vamplew's assertion that Zugcic "lied" in her report of the patient safety incident which led to Vamplew's failure of her course. The Court ultimately rejected his contention. (Doc. 81 at pp. 23-24). The Court did not impermissibly make a factual finding as to whether or not Mary Zugcic knowingly made false statements to support the decision to fail plaintiff. Rather, the Court relied on facts in the record and the reasonable inferences to be drawn from those facts to conclude that Vamplew simply had not made out a viable claim.

Vamplew further says that the Court committed a "clear legal error," apparently based on the assertion that the Court misapprehended that his claim was for disability retaliation, rather than disability discrimination. This argument does not carry the day. The Court's opinion made clear that it was analyzing, and dismissing, a claim for retaliation and not for discrimination. Indeed, the complete sentence from the opinion – which Vamplew only partially quoted – makes clear that the Court understood Vamplew has brought a disability retaliation claim:

> Defendants contend that even if Vamplew made out a prima facie case, the record shows a non-retaliatory basis for Zugcic's decision – the unsafe patient practice – and there is no evidence that the reason was a pretext for discrimination based on Vamplew's ADHD disability."

(Doc. 81 at pp. 32-33). The Court then stated, "Vamplew has not made out a disability retaliation claim." (Id. at p. 33). The Court also noted that while Vamplew had originally asserted disability discrimination claims, those claims – Counts I, II and III – had been voluntarily dismissed. (Id.). In short, the Court did not misapprehend the nature of the claims, or commit error in dismissing Vamplew's retaliation claims.

Vamplew has not shown a palpable error which would warrant reconsideration.

Finally, Vamplew argues that reconsideration is required because the Court improperly concluded that he had failed to establish that Zugcic's conclusion that he had engaged in an unsafe patient practice was a pretext for retaliation. Vamplew, however, still does not explain how the record shows the existence of a genuine issue of material fact as to whether or not there was pretext. In concluding that Vamplew had failed to show pretext, the Court carefully reviewed the record and all reasonable inferences to be drawn from it to and came to the conclusion that Vamplew could not establish a genuine issue of materia fact that the real reason he failed NUR 3020 was illegal retaliation, rather than his having engaged in an unsafe patient practice.

Overall, Vamplew's motion has not presented sufficient grounds for reconsideration.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2014
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 28, 2014, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160