UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD VAMPLEW,

    Plaintiff,

vs.                                                  Case No. 12-14561

WAYNE STATE UNIVERSITY BOARD          HON. AVERN COHN
OF GOVERNORS, DAVID J. STRAUSS,
Dean of Students, individually and in his
official capacity, BARBARA K. REDMAN,
Dean of Wayne State College of Nursing,
individually and in her official capacity,
CYNTHIA REDWINE, Assistant Dean of
Student Affairs, individually and in her
official capacity, FELICIA GRACE, Academic
Services Officer IV, individually and in her
official capacity, MARY ZUGCIC, individually
and in her official capacity, and KATHERINE
ZIMNICKI, individually and in her official capacity,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO DENY
DEFENDANTS' BILL OF COSTS (Doc. 95)
AND
DENYING DEFENDANTS' BILL OF COSTS**

I. Introduction

This is a case challenging an academic dismissal. Brad Vamplew (Vamplew) sued the Wayne State University Board of Governors and several faculty members of the Wayne State University College of Nursing. Vamplew's instructor, Mary Zugcic, concluded that Vamplew engaged in an "unsafe practice" during a clinical rotation in the course NUR 3020. As a result, Vamplew failed the course and under the College of

Nursing's policy, a failure for an unsafe practice results in exclusion from the nursing program. Vamplew appealed the decision within the College of Nursing and the Provost's office; his appeals were denied. Vamplew then filed this action in federal court. The amended complaint asserted thirteen claims. Following discovery, Vamplew agreed to dismiss all claims except disability retaliation under state and federal law against WSU and violation of due process and equal protection under state and federal law against all defendants. As will be explained, defendants prevailed on a dispositive motion. Thereafter, defendants submitted a bill of costs to the Clerk, requesting $3,967.85 in costs. (Doc. 92). The Clerk taxed costs in the requested amount. (Doc. 94).

Before the Court is Vamplew's motion to deny costs (Doc. 95), to which defendants have responded (Doc. 98). For the reasons that follow, Vamplew's motion is GRANTED and defendants' costs are DENIED.

## II. Background

Following discovery, defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or for summary judgment under Fed. R. Civ. P. 56. (Doc. 66). The Court granted the motion on the grounds that some of Vamplew's claims failed to state a plausible claim and other claims failed because there is no genuine issue of material fact to allow his claims to proceed. (Doc. 81).

Vamplew filed a motion for reconsideration as to the dismissal of his disability discrimination claims only. (Doc. 85). Defendants, at the Court's direction, filed a response. (Doc. 86). Vamplew filed a reply. (Doc. 87). The Court denied the motion. (Doc. 91).

Thereafter, as noted above defendants filed a bill of costs and the Clerk taxed the requested costs. Vamplew, through counsel, filed the instant motion to deny all of the costs.

### III. Legal Standard

There is a presumption in favor of awarding costs to a prevailing party, but district courts have discretion to deny costs. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1172 (2013). See also White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728 (6th Cir. 1986) and Singleton v. Smith, 241 F.3d 534 (6th Cir. 2001). District courts may deny costs: "1) where taxable expenditures by the prevailing party were 'unnecessary or unreasonably large;' 2) where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and 4) in 'close and difficult' cases." Callahan v. Steinaway, No. 13-2401, at *3 (6th Cir. Jun. 13, 2014) (unpublished) (citing White, 786 F.2d at 730). In addition, "the presumption of an award may be overcome by the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs." Id. (citing Singleton, 241 F.3d at 539).

### IV. Analysis

Considering the factors in White and Singleton, the costs requested are not unreasonable or excessive nor does the record show that defendants prolonged the case. However, this was a close and difficult case which was pursued in good faith. The parties developed a complex record that required careful and exhaustive consideration before concluding that defendants were entitled to a judgment in their

favor. Under the circumstances, taxing costs is not necessary or appropriate.

SO ORDERED.

       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: December 2, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 2, 2014, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160